IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHNATHAN MALONE, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:12-CV–02350-TWT-GGB |
| CITIMORTGAGE, INC., | |
| Defendant. | Superior Court of DeKalb County, Georgia <br> Case No. 12CV6995-2 |

### **FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Defendant CitiMortgage, Inc.'s Motion to Dismiss (Doc. 3). Plaintiff Johnathan Malone, who is proceeding without counsel, has not responded to the motion. For the reasons stated below, I **RECOMMEND** that the Motion to Dismiss be **GRANTED** and that Malone's complaint be **DISMISSED WITHOUT PREJUDICE**.

### **I. Background**

Malone initiated this litigation by filing a complaint against CitiMortgage in the Superior Court of DeKalb County, Georgia. (Doc. 1-1, Exh. A, Complaint). Malone's complaint asserts that several representatives of CitiMortgage told him that his house would not go into foreclosure because he was in a loan modification program. (Id. at 2). Despite those promises, however, Malone's house was sold at a foreclosure sale in

March 2012. (Id.). Malone contends that the foreclosure proceedings violated: (1) the Single Family Mortgage Foreclosure Act, 12 U.S.C. § 3751 et seq.; (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (3) Article 3, Section 306 of the Uniform Commercial Code ("UCC"); and (4) Georgia statutes governing non-judicial foreclosures, O.C.G.A. §§ 44-14-161 and 44-14-162.2.[1] (Complaint at 3-4, ¶¶ 1-7). The complaint also lists the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., as "mandatory authority." (Id. at 3).

After Malone filed his complaint, CitiMortgage removed this case to federal court and then filed the present motion to dismiss. (Docs. 1, 3). As noted above, Malone has not responded to the motion, and the time for filing a response has passed. See Local Rule 7.1(B), NDGa (explaining that a response must be filed within 14 days). Accordingly, the motion is now ready for the Court's consideration.

## II. Standard of Review

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the ... claim is and the grounds upon which

---

[1] Malone also cites to O.C.G.A. §§ 44-14-161.1 and 44-14-161.2, but those statutes do not exist. (Complaint at 3-4, ¶¶ 4, 6).

2

it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quotation omitted). Something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. Id. at 555, 127 S.Ct. at 1964-65.

As noted above, Malone is proceeding pro se. Therefore, his complaint is "held to less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quotation omitted). Nevertheless, a pro se plaintiff still must comply with the Federal Rules of Civil Procedure. "Even though a pro se complaint should be construed liberally, a pro se complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F.Supp.2d 26, 28 (D.D.C. 2007).

### III. Discussion

Malone's complaint fails to comply with Fed.R.Civ.P. 8(a)(2). Malone's complaint is a form complaint, similar to others that have been previously filed in this Court. For the most part, the complaint consists of conclusory legal statements unaccompanied by any supporting facts. And the few factual allegations that Malone has provided are insufficient to state a claim for relief.

Malone's first claim is that CitiMortgage has violated the Single Family Mortgage Foreclosure Act. (See Complaint at 3 ¶ 1). That statute, however, applies

3

only to mortgages held by the Secretary of Housing and Urban Development. See 12 U.S.C. § 3751(b); see also Taylor v. Wachovia Mortg. Corp., No. 1:07-CV-2671-TWT, 2009 WL 249353, at *6 (N.D. Ga. Jan. 30, 2009), adopted at *1. Here, the complaint does not allege that Plaintiff's mortgage is held by the Secretary. In fact, the complaint suggests that the mortgage is held by a private corporation, CitiMortgage. Therefore, Malone may not bring a claim under the Single Family Mortgage Foreclosure Act.

Malone also asserts that CitiMortgage violated the FDCPA, but he does not explain what sort of violation occurred, nor does he set forth any facts to support that claim. In any event, the FDCPA does not apply to a creditor such as CitiMortgage that is seeking to collect its own debt. See 15 U.S.C. § 1692a(6); see also Montgomery v. Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003) ("[T]he federal courts are in agreement: A bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.") (internal quotation marks omitted). And foreclosing on a mortgage is not "debt collection" within the meaning of the FDCPA. Warren v. Countrywide Home Loans, Inc., 342 F.App'x 458, 460-61 (11th Cir. 2009). Accordingly, Malone has failed to state a claim for relief under that statute.

Malone's complaint also cites Article 3, Section 306 of the UCC and RESPA. However, the complaint does not explain how CitiMortgage violated either of those statutes. Therefore, those claims also must be dismissed.

Malone's next claim is that the foreclosure sale violated O.C.G.A. § 44-14-161. (Complaint at 4 ¶ 5). That statute provides that a creditor cannot seek a deficiency judgment on property sold in a non-judicial foreclosure unless it requests judicial confirmation of the foreclosure sale within 30 days. O.C.G.A. § 44-14-161(a). The court may not issue a confirmation order unless the foreclosing party proves that the property was sold for its true market value. Id. In this case, CitiMortgage is not seeking a deficiency judgment, so O.C.G.A. § 44-14-161 is not relevant.

Finally, Malone brings a claim under O.C.G.A. § 44-14-162.2, which states that a debtor must be given written notice of a non-judicial foreclosure sale at least 30 days prior to the sale. Malone asserts that CitiMortgage told him that his house would not be placed in foreclosure. However, that allegation is insufficient to show that CitiMortgage violated O.C.G.A. § 44-14-162.2 because CitiMortgage could have provided notice to Malone after that conversation, and there is nothing in the complaint to suggest that CitiMortgage failed to do so. Because Malone does not allege that he never received any notice of the foreclosure sale, or that the notice he received was somehow deficient, he has failed to state a claim under O.C.G.A. § 44-14-162.2.

5

## IV. Conclusion

For the reasons stated above, I conclude that Malone's complaint fails to state a claim upon which relief may be granted. Therefore, I **RECOMMEND** that CitiMortgage's Motion to Dismiss (Doc. 3) be **GRANTED** and that Malone's complaint be **DISMISSED WITHOUT PREJUDICE**.[2]

IT IS SO RECOMMENDED this 15th day of October, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

---

[2]In light of Malone's failure to respond to the Motion to Dismiss, I believe that directing him to amend his complaint would be a futile gesture. Nevertheless, a court generally should not dismiss a pro se complaint with prejudice unless the plaintiff has been afforded at least one chance to amend the complaint. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc) (Wagner did not address pro se plaintiffs). Therefore, I am recommending that Malone's claims be dismissed without prejudice so that he may file a more carefully-drafted complaint if he wishes to do so.

AO 72A
(Rev.8/82)